Wiiitakee, Senior Judge,
delivered the opinion of the court:
Plaintiff sues for readjustment pay to which he claims he was entitled upon his discharge from the Army. He does not contest the validity of his discharge, but claims the required procedure to deny him readjustment pay was not taken. The case is before us on cross motions for summary judgment.
It appears that the following steps were taken to discharge plaintiff: (1) His discharge was initiated by his commanding officer, who, on September 29, 1958, seems to have requested that proceedings be instituted to involuntarily eliminate and release plaintiff, a Reserve officer, from active duty, because of the “Commission or attempted commission *593 of a homosexual act or existence of homosexual tendencies * * *» (2) His request was referred to a Selection Board which determined that the matter should be investigated by a Board of Inquiry. (3) On January 6,1959, the Board of Inquiry recommended plaintiff’s elimination. (4) The matter was then heard by the Army Board of Review for Eliminations. After hearing plaintiff’s testimony and other evidence, it found that plaintiff had failed to show why he should not be eliminated and that moral dereliction was present. The Board recommended that plaintiff be eliminated. (5) The Adjutant General on April 20,1959, directed the Commanding General of the Military District of Washington to discharge plaintiff and recited “officer is not entitled to Readjustment Pay.” (6) He was discharged on April 22,1959.
The Armed Services Reserve Act of 1952, as amended in 1956, 70 Stat. 517, 50 U.S.C. § 1016 (1958), provided in section 265(a) that when an officer of the Reserve forces was involuntarily released from active duty after having completed five years of continuous active duty service, he was entitled to a lump sum readjustment payment, but in subsection (b) it was provided that “The following persons are not entitled to any payments under this section” if, among other things, they were “released from active duty because of moral or professional dereliction.”
Plaintiff in his petition admits that the board made a finding that “moral dereliction was present on the part of the plaintiff”; but it said that its recommendation merely recommended elimination and that he be given a general discharge, but did not say that its recommendation was based upon its finding of moral dereliction.
Unfortunately, the record before us does not set out the findings and recommendation of the board. However, the recommendation for elimination of this officer could have been based only on the fact that moral dereliction was present. This is because the initiation of the proceedings by his commanding officer was based solely upon his “Commission or attempted commission of a homosexual act or existence of homosexual tendencies * * This was the sole subject *594 investigated by the Board of Inquiry and this charge was the only thing reviewed by the Board of Beview for Eliminations. Since it was the only charge made against this officer, the recommendation for his elimination could have been based only upon the board’s finding that this charge had been substantiated. Whether or not the board in its findings or recommendation expressly says that its recommendation for elimination is based upon the substantiation of this charge, this must be true of necessity. Even if there was a failure to state this explicitly, the conclusion that it was so based is so inescapable that we must treat this possible deviation from the precise procedure prescribed as inconsequential. For a possible failure to dot the “i” and cross the “t”, plaintiff must not be allowed to recover an amount to which he is plainly not entitled.
It results that plaintiff’s motion for summary judgment must be denied. Defendant’s motion for summary judgment is granted and plaintiff’s petition is dismissed.